**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------------------X

SHLOMO KISH AND ZISSY KISH                                    Civ. No.: _____

Petitioners,

                    -against-

UNITED STATES OF AMERICA,
DEPARTMENT OF THE TREASURY INTERNAL
REVENUE SERVICE,
Respondent.

-------------------------------------------------------------X

## MOTION TO QUASH
## INTERNAL REVENUE SERVICE SUMMONS

Pursuant to 26 U.S.C. Section 7609(b)(2) Shlomo Kish and Zissy Kish, husband and wife (the "Petitioners"), petition this Court to quash two (2) summonses (the "Summons") issued by the Internal Revenue Service (the "IRS") on the grounds that the IRS has made an overly broad and burdensome request, has requested irrelevant information, has not complied with propert notice procedures, and is acting in bad faith. The Summons which are essentially identical cover multiple taxable years for the periods 2011 - 2021, inclusive.

### JURISDICTION, VENUE AND THE PARTIES

1. This is a proceeding pursuant to 26 U.S.C. Section 7609(b)(2) to quash the Summons issued to Petitioners, Shlomo Kish and Zissy Kish, husband and wife.

2. Jurisdiction and venue is conferred on this Court by 26 U.S.C. Section 7609(h)(1). The statute provides in pertinent part "the United States district court for the district for the district

1

within which the person to be summoned resides or is found shall have jurisdiction to hear and determine any proceedings brought under subsection (b)(2)".

3. Petitioners Shlomo Kish and Zissy Kish currently reside at 1080 52nd Street, Brooklyn, New York and this residence address is located within the service area of the Eastern District and this Court.

4. The Summons were reputedly approved by Damon R. Paxton of the Internal Revenue Service on July 6, 2023, issued by Sang Yoon Kim of the Internal Revenue Service on July 6, 2023 but was not served upon the Petitioner's by William Chow of the Internal Revenue Service until on or after July 12, 2023.

5. The Summons were fixed to an external door located in the proximity of the Petitioners residence on or about July 12, 2023.  Service upon Petitioners was improper.

6. This petition to quash the summons' was timely filed on July 28, 2023, which is the time period well within the twenty (20) days of the reputed service date, to wit: July 12, 2023.

7. The United States of America, Department of the Treasury, Internal Revenue Service are the respondents.

8. The Petitioners have timely notified the Internal Revenue Service of their petition to quash the summons by sending a copy of their petition via certified mail with return receipt requested contemporaneously herewith, with Affidavit of Service to be submitted hereafter to all of the following.:

      A.     Internal Revenue Service - Department of the Treasury - Large Business and International - 1301 Clay Street, M/S 980S, Oakland, California 94612 - Attention: Sang Yoon Kim, Internal Revenue Agent; and

B.    Internal Revenue Service, LBI - Department of the Treasury Large Business and International - 450 Golden Gate Avenue, SF 6107, San Francisco, California 94102 - Attention: Damon Paxton, Internal Revenue Agent; and

C.    Internal Revenue Service - Department of the Treasury - IRS Counsel, 1220 SW 3rd Avenue, Portland, Oregon 97204 Attention: Kenrick Parker, Esq., General Attorney (Tax) - IRS Counsel; and

D.    Internal Revenue Service - Department of the Treasury - IRS Counsel, 1220 SW 3rd Avenue, Portland, Oregon 97204 Attention: Kelly Blaine, Esq., General Attorney (Tax), Chief Counsel; and

E.    Internal Revenue Service - Department of the Treasury - IRS Counsel, 1220 SW 3rd Avenue, Portland, Oregon 97204 Attention: Janice Geier, Esq. Supervisory Trial Attorney (Tax), Chief Counsel.

F.    United States Department of Treasury, 1500 Pennsylvania Avenue, Washington, D.C. 20220

G. United States Internal Revenue Service , 1111 Constitutional Avenue Washington, D.C. 20224

See 26 U.S.C. Section 7609(b)(2)(B).

9. The United States is also being served contemporaneously herewith with the petition to quash and the appurtenant summons on behalf of the Petitioner's by sending a copy of the petition by certified mail, to the following:

A.    United States of America, Breon Peace, Esq., United State Attorney, United States Attorney Office, Eastern District of New York, 271 Cadman Plaza East, Brooklyn, New York 11722-4454; and

B.      United States Attorney General, Merrick B. Garland, Esq., United States

Department of Justice, 950 Penn Avenue, Northwest, Washington, D.C.

20530-0001.

See Fed.R.Civ P 4(I).

**GROUNDS FOR RELIEF**

10.     Shlomo and Zissy Kish (Petitioners) file this petition to quash because : a) the

IRS has made an overly broad and burdensome request, b) the IRS has requested

irrelevant information, c) the IRS has not complied with proper IRS procedures, and d)

the IRS is acting in bad faith and has failed to meet the good faith standards established

by the United States Supreme Court in *Powell v. United States,* 379 U.S.  48 (1964) by

making an overly broad and burdensome request for irrelevant documents and failing to

comply with administrative procedures.

11.     Although the IRS has broad discretion in issuing a summons requesting

documents in connection with an investigation, it must act in good faith and may not

abuse the court's process. Under the standard established by the United States Supreme

Court, the IRS must demonstrate that "the investigation will be conducted pursuant to a

legitimate purpose, that the inquiry may be relevant to the purpose, that the information

sought is not already within the Commissioner's possession, and that the administrative

steps required by the Code have been followed. *Id* at 51.

## FACTUAL BACKGROUND

12. Respondent is primarily conducting an income tax examination of the individual income tax returns of the Petitioners for multiple tax years consisting of tax years 2011 - 2021, inclusive.

13. It is submitted that the statute of limitations has long run on many of these years and further examination of these years may be time barred.  This is especially so relating to tax years, 2011, 2012, 2013, 2014, 2015 and 2016 and other years under examination are barred as well.

14. As part of the examination process, Revenue Agent, Sang Yoon Kim, of the Internal Revenue Service ("IRS"), issued a Form 4564 Information Document Request ("IDR") to Petitioners for tax periods from 2011 to 2021. The due date for production of the documents was originally set for June 23rd, 2023, but a four (4) business day extension was granted, making the new due date June 28th, 2023.

15. Petitioners and their representatives have actively collected information responsive to the IDR issued and have faxed numerous documents, approximately one thousand pages, related to both the domestic and foreign matters of interest that they were able to generate by June 28th, 2023. Since June 28th, 2023, Petitioners have been continuing to fax any additional documents requested in the IDR to the Internal Revenue Service as they have become available.

16. On June 28th, 2023, along with the documents submitted to the IRS, the Petitioners attached a letter to explain the status of their production.

    a. Petitioner, Shlomo Kish is not a native English speaker and has had minimal formal education, having never attended college or university. As a result, his knowledge of

tax-related and accounting matters is very limited, and he heavily relied on the expertise and guidance of his tax advisors.

b. Petitioner Shlomo Kish has recently learned that he has been deceived and has fallen victim to an identity theft scheme perpetuated against him and his spouse by the hands of his own family members and their agents. The perpetrators are seemingly located at the present time in the United Kingdom and these individuals have, acting in concert with each other, usurped and exploited Petitioners identity for their personal gain.

c. It is the position of Petitioner Shlomo Kish that he had no legal ownership interest or control in any of these entities, and upon information and belief the assets were fraudulently and/or deceptively attributed to him.

d. The full breath and scope of the conduct and activities of the family members and their representatives and agents are unknown at this time and are actively being investigated.

e. At the suggestion of the Internal Revenue Service, on Wednesday July 19, 2023, Petitioners were advised of a formal process by filing Form 14039 for obtaining identity theft assistance.

f. Based on this unsolicited suggestion, Petitioners are presently, with the assistance of their counsel, in the process of seeking the IRS intervention in investigating the identity theft.

g. All of the IRS representatives set forth in paragraph 8 of this petition had participated in that discussion and no objection to this path was voiced by any participant in that telephone call.

17. Petitioners are currently considering all of their options in securing intervention of suitable authorities to uncover the breath and extent of the perpetuation of the identity fraud allegations.

18. Prior to the issuance of the Summons, neither Petitioners received a) a Delinquency Notice nor b) a Pre-Summons Letter, a violation of the Internal Revenue Service policy and Internal Revenue Manual requirements.

19. On July 6th, 2023, less than a week after the IDR due date, the Large Business and International Division ("LB&I") of the IRS issued the Summons, one to Petitioner Shlomo Kish and the other to Petitioner Zissy Kish, with substantially identical substantive content.

20. The Summons demanded the Petitioners to appear before the Revenue Agent, to provide testimony, and to produce numerous additional records regarding tax years ending December 31, 2011, through December 31, 2021. Petitioners do not have custody and /or possession of a substantial amount of the requested documents.

21. The attachment to the Summonses listed the requested documents, which are almost the same as the IDR with additional documents requested.

22. The Summonses were issued by the Revenue Agent Sang Yoon Kim on July 6th, 2023, and were served by Revenue Agent William Chow on July 12th, 2023.

23. Petitioners found a copy of the Summonses posted on a door near the Petitioners' residence on July 13th, 2023.

24. The attachment to the Summonses described the records sought from the Petitioners as, in relevant part:

   a. Item D. Ownership of U.S. and Foreign Entities: "each entity in which you exercised control or held an ownership interest... or beneficial interest…" at any time during the

years from 2011 to 2021. For each entity to produce all books and records, including but not limited to "sales and purchase invoices", "contracts and agreements", "minutes books", and etc.;

b. Item F. Tax Information (2011 through 2021): "complete copies of your previously filed original U.S. Individual Income Tax Returns Forms 1040"; and

c. Item K. Travel: for each of the years from 2011 to 2021 "all of your original U.S. passports, both current and expired", "if you lost a passport, provide a copy of Form DS-64 Statement Regarding a Lost or Stolen Passport", "all records of foreign travel including but not limited to commercial transportation, private leasing, visas, hotel and meal expenses."

25. The summons stated that each Petitioner was required to appear and produce records responding to the Summons at the New York City Office of the IRS on August 8th at 9 a.m.

26. The Petitioners have executed Form 872 (Consent to Extend the Time to Assess Tax) on June 26, 2023, as requested by the IRS. The Petitioners agree that the amount of any Federal Income Tax due on any returns filed for the period ended December 31, 2019, be assessed at any time on or before December 31, 2024.  Petitioners have also agreed that they would execute extensions for any years not time barred to avoid prejudice to the respondent.

27. Petitioners have duly filed their Federal tax returns with the IRS from 2011 to 2021 and have paid their income tax obligation as reported.

**OBJECTIONS**

28. The Summons issued to Petitioners by the IRS are invalid and unenforceable, in whole or in part, for several reasons: (1) they failed to meet the *Powell* requirements established by the Supreme Court *U.S. v. Powell*, 379 U.S. 48, 57-58 (1964) , (2) they were issued in bad faith

and under unclear objectives, and (3) tax years 2011, 2012, 2013, 2014, 2015 and 2016, at the minimum, appear to be tax years which are time barred and beyond the statute of limitations.

### I.   Summonses Are Not Enforceable Because They Failed to Meet the Powell Requirements

29. The Summonses are not enforceable because they failed to meet the *Powell* requirements, *U.S. v. Powell*, 379 U.S. 48, 57-58 (1964) which set forth the mandatory elements for any Court to enforce an IRS summons.

30. In *United States v. Powell*, the Supreme Court established four (4) requirements that must be met in order for the Government to enforce an IRS summons. (1) the investigation must be conducted pursuant to a legitimate purpose; (2) the information sought must be relevant to that purpose; (3) the IRS must not already possess the information; and (4) all the administrative steps must have been taken. *U.S. v. Powell*, 379 U.S. 48, 57-58 (1964).   See IRM 4.46.4.7.3.

### A.   The IRS Has Demanded Irrelevant and Ancient Information and Has Set Forth a Short Time Frame for Production

31. The IRS has embarked on a "fishing expedition" and they have cast a very long line and have sought production of documents created many years ago within a very short time frame. The IRS failed to comply with the second Powell requirement demanding that Petitioners produce voluminous documents that lack current relevance. Examples of the Governments overreaching are set forth below.

32. First, the Summons outrageously demanded Petitioners to produce documents dating back as far as the 2011 tax year, a period that covers over a decade. This unreasonable expectation

for document production from 2011, 2012, 2013, 2014, 2015, and 2016, in particular, would place an unreasonable burden on even the most sophisticated taxpayers and in particular places an undue burden on Petitioners, as small business owners, who simply did not believe that they had any legal obligation to maintain business and personal records for that long. Nor does the tax law statutes require personal and business records to be maintained for this extended time period.

33.  Second, the Summons requests documents that are not presently under the Petitioners' custody and/or control. Petitioners have asserted that they are victims of identity theft. Petitioners knowledge of the details of the extent of that theft are not fully developed at this time.

34.  The IRS inquiry requests information, not only of Petitioners US-based business but also of foreign-based businesses which Petitioners assert they have no knowledge of or control over.

35.  The IRS investigation of the foreign entities appears to have been triggered by a fraud investigation by the British taxing authority.

36.  Information and documents referenced in the Summonses re: the foreign corporations are not under Petitioners' control, and they have little or no knowledge of the activities or tax history of these entities.

37.  Petitioners are unsure about the exact nature or scope of the foreign investigation. However the fact that it is labeled a "fraud investigation" bears with it the threat of a criminal investigation.

38.  Lastly, the contents of the Summonses are overly broad and irrelevant. Including but not limited to:

    a.   Item K of the Summons attachment requested Petitioners to produce records for each year from 2011 to 2021, "all of your original U.S. passports, both current and expired"; "all records of foreign travel, including but not limited to commercial transportation, private leasing, visas, hotel, and meal expenses," etc.

    b.   Additionally, Item D asks for Petitioners to produce all books and records, including "contracts and agreements," "minutes books," and so on spanning over a decade and for every single entity they have ownership interest or even beneficial interest.

39.    That Petitioners submit that the Summonses as constructed and served upon Petitioners are unenforceable, in whole or in part, because the documents and information they demand be produced cannot realistically be obtained or recreated within the time frame requested.

**B.   *The IRS Wrongfully Requested Information that Was Already in Their Possession***

40.  The IRS failed to meet the third requirement by wrongfully requested information that was already in their possession.

41.  There are numerous documents already in the IRS' possession. For example, Item F of the Summons attachment requested Petitioners to provide "complete copies of your previously filed original U.S. Individual Income Tax Returns Forms 1040" for the tax years from 2011 to 2021.

42.  Since the Petitioners have timely filed their federal tax returns with the IRS for the tax years from 2011 to 2021, the IRS clearly already possesses all the returns.

43.     This contradicts what the Supreme Court mandated, permits unnecessary involvement of the courts, and imposes undue burden on the Petitioners. Thus, the Summons should under these circumstances not be enforced, in whole or in part.

**The IRS Failed to Take All Necessary Administrative Steps Which Are A Condition To Issue and Enforce A Summons**

44.  The IRS additionally did not meet the fourth requirement by failing to take all administrative steps to issue and enforce a summons.

45.  The IRS employees are required to follow the Internal Revenue Manual ("IRM") when "administering tax laws, performing duties or executing IRS operations" as it is the "the official compilation of IRS policies, procedures and guidelines." IRM 1.11.6.1.6 (2022).

46.  According to IRM Chapter 46. *LB&I Examination Process*, the mandatory process for enforcing delinquent IDRs has three steps: (1) a Delinquency Notice, (2) a Pre-Summons Letter, and (3) a Summons. IRM 4.46.4.7.3.

47.  Before issuing a Summons, the LB&I division is required to issue a Delinquency Notice first; if there is no response, then they should issue a Pre-Summons Letter. Furthermore, if the taxpayer fails to comply, then they may not issue a Summons.

48.  The Petitioners did not receive a Delinquency Notice nor a Pre-Summons Letter. Instead, a Summons was issued to Petitioners less than a week after the due date of the initial IDR regarding the 2011 to 2021 tax period, even though they submitted approximately one thousand pages of documents to that point.

49.  Specifically, the Summons as issued requires unrealistic time frames for production of the documents and information required.

50.  The breath of the request as set forth in the Summons is totally unmanageable under the circumstances where the bulk of the records are in the possession of hostile third parties who

are non-cooperative, based overseas, and may have directly or indirectly participated in the identity theft involving Petitioners.

51. Moreover, the fact that these third parties have been active participants in secreting the documents and information from the Petitioners must be taken into consideration. If the IRS truly wants to expedite their investigation, the IRS clearly has the authority, capacity, and resources to issue the Summons to the third parties that have possession, custody and control of the requested documents and information.

52. The IRS has failed to take all the required administrative steps by issuing the Summons without first issuing a Delinquency Notice and a Pre-Summons Letter. IRM 4.46.4.7.3.

53. Therefore, the Summonses are unenforceable because they request irrelevant information, wrongfully requested information that is already in the possession of the IRS, and the IRS has failed to take all administrative steps.

## II.   <u>The Summonses Are Invalid Because They Were Issued in Bad Faith.</u>

54. The Summons must be deemed invalid in whole or in part due to their issuance in bad faith. The Revenue Agent failed to adhere to the IRM, lacked proper communication with the Petitioners, hurriedly issued summonses despite requesting numerous documents spanning over a decade, and imposed unrealistic time deadlines.

55. In *United States v. Clarke*, the Supreme Court held that the taxpayer is entitled to raise an IRS agent's bad faith challenge. 134 S. Ct. 2361 (2014).

56. In proving bad faith, as the Supreme Court held, circumstantial evidence is sufficient to meet the burden, as direct evidence is seldom, if ever, available at this initial stage. *Id*. 49. Under the facts herein, the initial IDR was issued respecting the tax period from 2011 to 2021, with a due date of June 23, 2023, and a four (4) - business day extension until June 28, 2023.

57. Petitioners have been working diligently to gather the required documents, both domestically and internationally, and had already submitted approximately one thousand (1000) pages of documents to the IRS on June 28, 2023 in response to the IDRs.

58. On June 28, when submitting their documents to the IRS, the Petitioners included a letter explaining their unfortunate circumstances.

59. Petitioner, Shlomo Kish, being a non-native English speaker, received limited formal education and did not attend college or university. Consequently, his understanding of tax and accounting matters is quite restricted, leading him to heavily rely on his tax advisors' expertise and guidance.

60. Petitioner, Shlomo Kish appears to have become a victim of identity theft orchestrated by his own family members and their agents in the United Kingdom who appear to have exploited his identity for their personal gain.

61. In truth, Petitioner has no legal ownership interest or control in any of these entities, and the assets were falsely attributed to him without his full knowledge or consent. He personally do not have access to the UK related documents.

62. Petitioners do not have sufficient knowledge regarding the details of the UK investigation and the involvement of third parties, to ascertain whether that investigation poses a threat of criminal investigation.

63. Petitioners have not been advised by the IRS agents involved in the US investigation as to whether the matter has been referred to the IRS Criminal Investigation division.

64. Petitioners, through their legal counsel have stated that given Petitioners very limited knowledge about a large amount of the facts re: activities which occurred in Great

Britain, it would be inappropriate at this time for Petitioners to sit for a recorded "interview" with IRS agents as Petitioners would be merely "speculating" about the facts of what has occurred there.

65.    Furthermore, Petitioners have attempted to submit the requested documents as they have become available.  Due to the sheer volume of the demand for production coupled with Petitioners' limited education and technology skills, they are overwhelmed by the process.

66.    The IRS has ignored their own policy and guidelines in failing to provide a Delinquency Notice and a Pre-Summons Letter before issuing the summons.   It is noteworthy that the IRS decided to proceed with issuing Summonses less than one week after the June 28, 2023 IDR submission deadline rather than providing a reasonable extension.

67.    Therefore, the Summonses are invalid because they were issued in bad faith. The Revenue Agent failed to follow the IRM, lacked communication with the Petitioners, and issued summonses within a short period despite requesting numerous documents for more than ten years.

III.    **The Summonses Are Unenforceable Because They Requested Information Which Is Time-Sensitive and Time-Barred, Beyond the Statute of Limitations**

68.    The Summons improperly requested document production for taxable years that are time barred and beyond the statute of limitation. At the minimum these years include 2011, 2012, 2013, 2014, 2015, and 2016 and possibly other years.

69.    Under IRC § 6501(a), the statute of limitations imposes a time constraint on the IRS, restricting their ability to make tax assessments to a maximum of three years following the due date or filing date of a return, whichever is later.

70.    Petitioners have timely filed Federal Tax returns from 2011 to 2021.

71.    Petitioners have already agreed to extend the statute of limitation for tax year 2019 to be accessed on or before December 31, 2024.  Taxpayers have agreed to execute any extension of any open year to avoid prejudice to the respondent.

72.    Despite the foregoing, the IRS has no legal authority to demand to conduct examinations of the Petitioners tax records for tax year 2011, 2012, 2013, 2014, 2015, and 2016.  Because the Summons globally requested documents from 2011 to 2021 the Summons is not enforceable, in whole or in part.

**Testimony**

73.    Declaration of Petitioner, Shlomo Kish with allegations of relevant facts is being filed concurrently.  Until a determination is made as to the quashing of the Summons, in whole or in part, Petitioner, Shlomo Kish is not at present in the position to indicate which issues he can provide testimony with respect thereto.  Petitioners reserve the right to assert any and all privileges that they may have, including all rights under the Fifth Amendment.


**PRAYER FOR RELIEF**

**WHEREFORE**, the Petitioners respectfully ask the Court to quash the Summons in full or, in the alternative, set down an evidentiary hearing for purposes of determining the validity and breath of the Summons and or authority of the respondent to examine documents from years that are time barred, together with an award of reasonable attorneys' fees and disbursements to the extent allowed by law, and such other and further relief as the Court may deem just and proper.

Respectfully Submitted

Melissa A. Perry, Esq.
NY Bar No. 5363767
Cohen, LaBarbera and Landrigan, LLP
99 Brookside Avenue
Chester, New York 10918
Office Tel. # 845-291-1900

Dated: July 28, 2023
Chester, New York
Attorneys for Petitioners
Mr. Shlomo Kish and Mrs. Zissy Kish